Dixon v. Bentley.

WARREN DIXON, trustee, et al.

v.

MARGARET BENTLEY and THOMAS H. TOWAR, executors of the
    last will of PETER BENTLEY, deceased; ROSALINE TOWAR
    and EMMA BENTLEY, executrix of the last will of PETER
    BENTLEY, junior, deceased.

A testator bequeathed $1,000 each to certain of his grand-children, payable
to them when they should respectively attain majority, providing that in the
meantime their respective fathers should hold the bequests in trust and apply
the income therefrom "towards their education and support" in the discretion
of the fathers.—*Held* that, so long as the fathers adequately educated and
supported the legatees during their minority, the income was the father's prop-
erty, and might be alienated by them, subject to its liability for the education
and support of the children.

On bill, answers, replication and proofs.

Peter Bentley, senior, died in the year 1875, leaving a will
which bears date on the 26th day of March, 1874, in and by
which, among other things, he appointed his wife, Margaret
Bentley, his son, Peter Bentley, junior, and his son-in-law,
Thomas H. Towar, the executors thereof.

By the sixth paragraph of that will he provided as follows:

"*Sixth.* I give and bequeath to each of the children of my son Peter Bentley
junior, living at the time of my decease, and to each of the children of my
daughter Rosaline Towar, living at the time of my decease, the sum of one
thousand dollars, to be held in trust by their respective fathers until they

Dixon v. Bentley.

respectively attain the age of twenty-one and then to be paid to them, the income to be derived therefrom to be applied in the meantime towards their education and support, in the discretion of their said fathers respectively."

The will of Mr. Bentley, senior, was admitted to probate on the 18th of October, 1875, and the executors thereof respectively assumed the burden of the executorship.

Peter Bentley, junior, and Rosaline Towar were the only children of the testator, and, at the time when the will was executed, they each had three living children. Subsequently, and prior to the death of the testator, the three children of Mrs. Towar died and a fourth child was born to Peter Bentley, junior, so that, at the death of the testator, Mrs. Towar had no children, and Peter Bentley, junior, had four living children.

When the testator's estate was settled, Peter Bentley, junior, appreciating the fact that by the death of his sister's children his father's obvious purpose to equalize bequests between him and his sister and their respective families had been thwarted, declined to set apart the bequests to his children, stating to his sister and co-executors that the estate should be divided equally between his sister and himself after other provisions in the will touching other matters were complied with, and consequently a division of the estate was made without any provision for the payment of the $4,000 of legacies to Peter Bentley, junior's, children. Mr. Towar testifies of this transaction :

"After all the other legacies had been paid, I suggested to Mr. Bentley to take the money belonging to his children and he refused. He told me that I had had trouble enough in losing all my children a short time before their grandfather's death, and that he would divide the estate dollar for dollar, and he said he would look out for his children. and I could do the same for any children I might have."

The division thus made gave Mrs. Towar $2,000 more than she otherwise would have had.

She has had that $2,000 since April, 1876.

Peter Bentley, junior, died the 30th of April, 1888, leaving his widow, Emma Bentley, and seven children, including the four children who were living at the death of his father, him surviving. Also leaving a will in and by which he devised and

Dixon *v.* Bentley.

bequeathed the income of his entire estate to his wife during her widowhood, and gave and devised the principal of his estate, at her death or remarriage, in fee to his children.

He appointed his wife sole executrix of his will.

Subsequently the complainant was appointed, by the orphans court of Hudson county, in place of Peter Bentley, junior, deceased, trustee for the four children of Peter Bentley, junior, who were living at the death of their grandfather, Peter Bentley, senior, they being yet minors.

By his bill the complainant seeks to charge Mrs. Towar with the sum of $2,000, and interest thereon, from the time she received the same in April, 1876, and to charge Thomas H. Towar, Margaret Bentley, surviving executors of the will of Peter Bentley, senior, and Emma Bentley, executrix of the will of Peter Bentley, junior, with the remaining $2,000, and interest thereon from 1876, when it was payable to Peter Bentley, junior.

By her answer, Mrs. Towar admits that she received $2,000 more from her father's estate than she would have received if the $4,000 for her brother's children had been taken from the estate, and also admits that she knew that the $4,000 had not been taken from the estate, and that she had no right to half of it.   Her admission is in this language :

" She admits that said Peter Bentley, junior, with the assent of the other executors, divided the personal property of the said estate of Peter Bentley, senior, after the payment of debts and other legacies, not including the said bequest of four thousand dollars in trust for his children, between himself and this defendant as residuary legatees, and that it is true that in that way and by such action of the said Peter Bentley, junior, she received and then knew she was receiving two thousand dollars in excess to what she would have been entitled to, if the said Peter Bentley, junior, had, as executor, set apart at that time the said amount of four thousand dollars as a separate trust fund.   But whether the said trustee, the complainant herein, is entitled to recover any interest or profits thereon since the time of making the said division of the personalty of said estate, which was made in and about the month of April, in the year eighteen hundred and seventy-six, or not this defendant is advised is a question of law arising upon the language and intent of said bequest and on the facts of the case.   *   *   *   And this defendant submits herself to the judgment and decree of this honorable court whether she shall be decreed to hold the said sum of two thousand dollars in trust for the estate of Peter

Dixon *v.* Bentley.

Bentley, senior, deceased, or under the said trust for the said children of Peter Bentley, junior, deceased " &c.

She submits, however, that Peter Bentley, junior, voluntarily apportioned the two thousand to her ; and that, thereafter, he adequately supported and educated his children as long as he lived, and she claims that she should, therefore, not be required to pay to the complainant any interest thereon, prior to the death of Peter Bentley, junior. Margaret Bentley and Thomas H. Towar, admit the equal division of the surplus of the estate between the brother and sister, without the $4,000 having been taken therefrom, and their knowledge of such division and omission to take out said trust moneys, and they assert that the entire management of such distribution was the act of Peter Bentley, junior, to which they, influenced by his wish and equitable purpose, assented. They answer also by way of cross-bill, in which they claim that the estate of Peter Bentley, junior, should be held primarily liable for the $2,000 received by him, with such interest as may be chargeable upon that part of the trust fund.

It is admitted that Peter Bentley, junior, suitably supported and educated his children as long as he lived.

*Mr. Warren Dixon, pro se.*

*Mr. Washington B. Williams,* for Margaret Bentley and Thomas H. Towar, executors, and Rosaline Towar.

*Mr. Earle Insley,* for Emma Bentley, executrix.

THE CHANCELLOR.

It was objected at the hearing that the *cestuis que trust* of the $4,000 should be parties to the suit. I agreed with the objector, and they have since been brought in and are now before the court as complainants.

Mrs. Towar admits, both in her answer and at the hearing, that she holds $2,000 of the $4,000 of trust moneys charged with the trust, and tenders herself willing and ready to pay it as the chancellor may direct. She, however, insists that she will

Dixon *v.* Bentley.

not be charged interest upon it prior to the death of Peter Bentley, junior, contending that, so long as her brother educated and supported his children, the interest upon the trust fund belonged to him; that he had full power to give it to her, and that he did give it to her.

The single question is thus presented, whether the interest upon the $4,000, trust funds, from April, 1876, to April, 1888, belonged to Peter Bentley, junior.

None of the *cestuis que trust* had, within that period, attained the age of twenty-one years. The will expressly provided that the income was to be applied by their father " towards" their support and education. The word " towards," in the connection in which it is used, assumes that the father would be charged with a burden, and signifies that the income from the trust fund was designed to assist in discharging that burden. It was designed to exonerate the father *pro tanto* from his duty, and thus was, in fact, a gift for his benefit. Says Mr. Hill, in his work on *Trustees, page 621:*

" Where the interest of the children's fund is expressly given to the father for their maintenance, the application of the general doctrine (that where the father is able to support his infant child, the income held in trust for the child, will not be used in his exoneration) is excluded by the terms of the trust; and in that case the income will be properly paid to the father by the trustees for the purpose expressed; such a gift is, in fact, one *pro tanto* for the benefit of the father."

It is said, in *2 Rop. Leg. 1295:*

" The other exception of not allowing maintenance where the parent is of ability, is where the interest of the legacy is given to the father for the maintenance of the legatee, for, in that case, he will be allowed to apply it for that purpose in exoneration of his natural obligation, for such a gift is, in fact, a legacy to the parent."

The authorities have quite uniformly held, with reference to such a bequest of income, that the parent will not be compelled to account for the income, if it appears that he or she has adequately supported and educated the children. *Berkely* v. *Swinburne, 6 Sim. 613; Hadow* v. *Hadow, 9 Sim. 438; Leach* v.

Dixon v. Bentley.

*Leach, 13 Sim. 304; Browne* v. *Paull, 1 Sim.* (*N. S.*) *92; Hora* v. *Hora, 33 Beav. 88; Hawk. Wills 166; Theob. Wills 385; Wood* v. *Chetwood, 6 Stew. Eq. 9; Macknett* v. *Macknett, 11 C. E. Gr. 258, 260.* In the latter of these cases upon appeal, Mr. Justice Reed, in pronouncing the opinion of the court of errors and appeals (*12 C. E. Gr. 596*), explained the effect of this ruling as follows :

" Whether the doctrine arose from the idea that the legal or moral liability for the infant was upon the parent, and that any-- thing which totally or partially relieved the parent of that liabil- ity was a provision for the parent's benefit, or had its origin in a policy designed to preserve the family relations and establish- ment intact, is immaterial. Whatever the origin of the doctrine, it has resulted in placing such dispositions of property among a class of bequests which are considered as *gifts to the first taker, coupled with a duty.*"

It appears to be clear that the parent has property in the income so long as he performs the duty with which the income is coupled, and I perceive no sufficient reason why he may not alienate that property, whether by the gift of it to another or otherwise. The alienee will, of course, take the income subject to its liability for the duty.

In the present case, it was the unquestioned purpose of. Peter Bentley, junior, to give his sister not only his own interest in one-half of the trust funds, but also the interest of his children therein, and to that end he executed. his gift by passing to her the principal of that one-half in order that she might fully enjoy it as her own property, unimpressed with the trust. I think that his gift was effectual so far as his property in the trust was concerned and that property certainly included the income of it while he educated and maintained his children. It did not pass the principal of the fund.

The complainants' recovery from Mrs. Towar, then, will be limited to that which her brother ineffectually attempted to give her—one-half the principal and interest thereon from his death. He will also, upon the same principles, be accorded similar

recovery from the estate of Peter Bentley, junior, to which the other half of the trust fund went impressed with the trust.

As the trust funds have been traced to Mrs. Towar and the estate of Peter Bentley, junior, she and the executrix of that estate will be primarily liable therefor, and, as the co-executors of Peter Bentley, junior, assented to his unlawful distribution of the trust funds, they will be held secondarily liable for the recovery from Mrs. Towar, to which the complainants are entitled. I perceive no reason why interest upon interest should be allowed. The recovery, however, must be with costs.